OPINION
{¶ 1} Appellant, Daniel LeForge, appeals the decision of the Clinton County Court of Common Pleas, Domestic Relations Division, dividing the assets of appellant and appellee, Karen Balser-LeForge, in a divorce proceeding. We affirm the trial court's decision.
 {¶ 2} The parties were married in September 1995. In August 2000, appellee filed a complaint for divorce. A divorce hearing was held before a magistrate on May 29, 2001 and October 9, 2001. The magistrate subsequently issued a decision granting the parties a divorce and dividing the parties' assets. Appellant filed objections to the magistrate's decision. In November 2002, the trial court overruled appellant's objections and adopted the magistrate's decision.
 {¶ 3} Appellant now appeals the trial court's decision, assigning one error as follows:
 {¶ 4} "The Trial Court Erred To The Prejudice Of The Defendant/appellant By Making An Inappropriate And Inequitable Division Of Marital, Passive And Separate Property Between The Spouses."
 {¶ 5} In this assignment of error, appellant argues that the trial court made several errors with respect to the marital residence. First, appellant argues that the trial court should have determined that he had "passive income" based on the increase in value of the marital residence. Second, appellant argues that the trial court erred in awarding appellee the amount she spent toward improvements of the marital residence. Third, appellant argues that the trial court erred by not making written factual findings supporting its decision.
 {¶ 6} In a divorce action, the trial court must determine "what constitutes marital property and what constitutes separate property." R.C. 3105.171(B). The classification of property as separate or marital is reviewed according to the manifest weight of the evidence. Johnson v.Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001. Under such review, the factual findings of the trial court relating to classification of property as marital or separate are reviewed to determine whether they are supported by competent, credible evidence.Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159.
 {¶ 7} After the trial court has classified property as marital or separate, it possesses broad discretion to effect an equitable and fair division of the marital estate. Cherry v. Cherry (1981), 66 Ohio St.2d 348,355; Krisher v. Krisher (1992), 82 Ohio App.3d 159, 163. A trial court's decision regarding the division of property in a divorce proceeding will not be reversed absent an abuse of discretion. Id.
 {¶ 8} Appellant first argues that the trial court erred by not determining that he had "passive income" due to the increase in value of the marital residence. We note that the trial court found the marital residence to be appellant's separate property due to the fact that he purchased it prior to the marriage. Both parties agreed that the fair market value of the residence at the time of the divorce was $200,000 and that appellant had approximately $46,000 in net equity. However, the trial court found that there was insufficient evidence as to the value of the residence and appellant's net equity at the inception of the parties' marriage. Therefore, the trial court did not determine that appellant had any "passive income" because it was impossible to determine the increase in value of the residence.
 {¶ 9} Appellant testified that the marital residence was previously appraised by a bank at $185,000. He also testified that the loan balance at that time "was probably more than $153,000." Based on this testimony, appellant claims now on appeal that he had approximately $32,000 ($185,000 minus $153,000) in net equity at the inception of the marriage. Appellant also testified that certain improvements made by appellee did not increase the value of the residence. Therefore, appellant argues that the trial court should have determined that he had $14,000 in passive income due to the increase in net equity.
 {¶ 10} R.C. 3105.171(A)(4) defines "passive income" as "income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse." "Separate property" includes "passive income and appreciation acquired from separate property by one spouse during the marriage." R.C. 3105.171(A)-(6)(a)(iii). The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, that the asset is separate property. Peck v. Peck (1994), 96 Ohio App.3d 731, 734; Partridge v.Matthews (Feb. 10, 2001), Brown App. No. CA2000-04-007.
 {¶ 11} We find that the trial court's decision regarding appellant's "passive income" is supported by the evidence in the record. The record supports a conclusion that appellant did not prove he had passive income by a preponderance of the evidence. First, appellant's appraisal value is supported solely by his testimony with no other supporting documentation. Second, it is unclear when the appraisal to which appellant testified took place. Third, even accepting appellant's appraisal value as the value of the residence at the inception of the marriage, there is no evidence (other than appellant's own testimony) that the $16,069.33 in improvements paid for by appellee did not increase the value of the residence, or at least contribute to that increase. In sum, appellant failed to meet his burden of proving that he had separate property in the form of passive income.
 {¶ 12} Next, appellant argues that the trial court should have awarded him half of the $16,069.93 spent by appellee on the improvements as his share of marital property. In support of this argument, appellant cites R.C. 3105.171(A)(3)(a)(iii), which provides as follows:
 {¶ 13} "Marital property means * * * all of the following:
 {¶ 14} "* * *
 {¶ 15} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."
 {¶ 16} The trial court found that it was unable to determine the amount of appreciation due to the improvements because there was no evidence in the record as to the value of the residence before the improvements were made. The trial court found that "providing [appellee] a dollar for dollar return on her premarital contribution is a reasonable remedy to this omission." The court also noted that such a result "restores [appellee] to her premarital status with respect to these funds and leaves [appellant] with a net equity position in the marital residence of over $30,000."
 {¶ 17} We find no error by the trial court in ordering that appellee receive the amount she spent on the improvements. The trial court found that appellee had clearly traced the funds she used to pay for the improvements to her premarital funds. Appellant does not contest that finding on appeal. Further, due to his prior ownership of the residence, appellant was in the best position to offer evidence of the premarital, pre-improvements value of the residence, but did not offer credible evidence of that value. Consequently, the trial court could not determine if any of the amount spent by appellee for the improvements should be deemed marital property. We also note that appellant himself testified that the improvements added no value to the residence, which supports the trial court's conclusion that none of the amount should be deemed marital property. We find no error by the trial court under these circumstances.
 {¶ 18} Finally, appellant argues that the trial court erred because it did not make written findings of fact as required by R.C.3105.171(G) to support its decision regarding the improvements. R.C.3105.171(G) provides as follows:
 {¶ 19} "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided ***."
 {¶ 20} We find that the trial court complied with this section. The magistrate made written factual findings with respect to the improvements on pages three and four of his decision. The magistrate found that appellee had clearly traced the funds she used on the improvements to her premarital funds. The magistrate also found that there was insufficient evidence to establish whether the improvements added any value to the residence because there was no evidence of the value of the residence before the improvements were made. In the absence of such evidence, the magistrate decided that appellant should receive the amount she spent on the improvements. We find that the trial court complied with R.C. 3105.171(G). The trial court provided an adequate basis for appellate review by recording findings of fact supporting its decision. Szerlip v. Szerlip (1998), 129 Ohio App.3d 506, 512.
 {¶ 21} Based on the foregoing, we find no error by the trial court with respect to the marital residence. The trial court's decision is supported by the evidence in the record. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 22} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.