{¶ 24} I concur in judgment and opinion as to the first assignment of error. However, I respectfully dissent regarding the second assignment of error, because I agree with the view that supports keeping the burden on the spouse seeking to declare the appreciation as separate. See, e.g., Teaberry v. Teaberry, Mahoning App. No. 07MA168, 2008-Ohio-3334, ¶¶ 17-18; Volk v. Volk, Summit App. No. 21540, 2004-Ohio-1433, ¶ 9;LeForge v. LeForge, Clinton App. No. CA2002-12-047, 2003-Ohio-5878, ¶ 11;Slomcheck v. Slomcheck, Trumbull App. No. 2001-T-0098, 2002-Ohio-4952, ¶ 12; Hemming v. Hemming, Franklin App. No. 02AP-94, 2002-Ohio-4735, ¶ 10. Here, I would require Ms. Harrington to prove that the appreciation was passive and separate.
 {¶ 25} Accordingly, I dissent, in part. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED. Appellant and Appellee shall split the costs
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to Assignment of Error I; Dissents with Attached Dissenting Opinion as to Assignment of Error II.
 *Page 1