DECISION AND JUDGMENT ENTRY
{¶ 1} Jeffrey D. Garvin ("Husband") appeals the judgment of the Jackson County Court of Common Pleas, Domestic Relations Division granting him and his former-wife, Julie P. Garvin (NKA Pittenger) ("Wife") a divorce from each other. Husband contends that the trial court abused its discretion by finding a debt owed to Wife's mother and stepfather to be a marital debt and ordering him to pay one-half of said debt. Husband further contends that the trial court abused its discretion in awarding Wife spousal support in the amount of $88.00 per month for one year, and in awarding Husband only three (3) hours of visitation per week with the parties' minor child. Because we find that the judgment entry and decree of divorce that Husband appeals is not a final appealable order, we dismiss this appeal.
 I. {¶ 2} The record reflects that the parties originally married on October 15, 1988, and one child, Jeffrey W. Garvin, was born as issue of the marriage on April 22, 1989. The parties divorced in 1991 in the case entitled Garvin v. Garvin, Jackson County No. 91DOM86. Thereafter, the parties remarried on October 15, 1996. The parties separated in January 1999, and Husband filed a complaint for divorce in October 1999. Wife filed an answer and counterclaim, and later amended her counterclaim to allege grounds of extreme cruelty, adultery, gross neglect of duty and incompatibility, as well as seeking a judgment for alleged child support arrearages alleged to have accrued pursuant to a child support order in the parties' previous divorce action. Additionally, the parties' minor son filed a motion, by and through his mother and next friend, to intervene as a party to assert his claim for the alleged child support arrearages arising out of the prior divorce proceeding. Upon Husband's motion, the trial court appointed a guardian ad litem for the parties' minor son.
 {¶ 3} In October 2000, the magistrate conducted a final divorce hearing on the issues of: 1) grounds for divorce; 2) division of property and debts; and, 3) spousal support and child support. Due to the late appointment of the guardian ad litem, the magistrate reserved the issues of custody and visitation for future hearing.
 {¶ 4} At the hearing the parties disputed the nature of a $59,000 debt that Wife incurred to start a business, Uptown Fashions, during the course of the marriage. Wife argued that it was a marital debt, and that she used some of the proceeds of the loan to pay for marital obligations. Husband argued that he was unaware of the debt at the time Wife incurred it, and that because Wife used the money to start her business, which only operated for approximately eight months, the magistrate should declare the debt to be Wife's separate obligation.
 {¶ 5} On January 16, 2002, the magistrate issued a decision granting the parties a divorce on the grounds of incompatibility. The magistrate found that the $59,000 Wife borrowed from her mother and stepfather, Mr. and Mrs. Coyle,[3] was a marital debt for which the parties shared equally responsibility. The magistrate also awarded Wife spousal support of $88 per month for one year.
 {¶ 6} Husband filed timely objections to the January 16, 2002 magistrate's decision. However, the trial court overruled Husband's objections and adopted the magistrate's decision in an order filed June 19, 2002. Thereafter, the parties filed numerous pleadings and motions regarding custody and visitation. The record reflects that the trial court conducted a hearing regarding custody and visitation issues on February 20, 2002. On October 2, 2002, the magistrate issued a decision designating Wife as the residential parent and legal custodian of the minor child, granting Husband visitation with the child from 12:00 noon to 3:00 p.m. on Sundays, and setting a hearing on the parties' pending motions concerning contempt, visitation, custody, and Civil Rule 60(B) for November 8, 2002.
 {¶ 7} On November 27, 2002, the trial court issued a judgment entry and decree of divorce, wherein it adopted the magistrate's decisions of January 16, 2002 and October 2, 2002. The decree specified, in relevant part, that: 1) each party shall be responsible for one-half of the business debt to Wife's mother and step-father, in the original amount of $59,000; 2) Husband shall pay Wife spousal support in the amount of $88 per month for one year from the date of filing of the final decree of divorce; and, 3) Wife shall be designated as the residential parent and legal custodian for the parties' minor child with Husband exercising visitation on Saturday from 10:00 to 1:00 p.m.[4] In the decree, the trial court specifically reserved jurisdiction to determine the amount of child support and spousal support arrearages owed by Husband Additionally, the trial court reserved jurisdiction over "all motions not already ruled upon and filed after the final hearing [.]"
 {¶ 8} Husband appeals raising the following assignments of error: "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, AND ABUSED ITS DISCRETION, IN FINDING THAT A DEBT IS OWED TO THE DEFENDANT'S MOTHER AND STEPFATHER, CAROLYN COYLE AND WILLIAM COYLE, FOR "UPTOWN FASHIONS," AND IN ORDERING THAT THE PLAINTIFF BE RESPONSIBLE FOR PAYMENT OF ONE-HALF OF SUCH ALLEGED DEBT. II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT, AND ABUSED ITS DISCRETION, IN ORDERING THAT THE PLAINTIFF-APPELLANT PAY POST-DECREE SPOUSAL SUPPORT IN (sic) AMOUNT OF $88.00 PER MONTH. III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT, AND ABUSED ITS DISCRETION, IN AWARDING THE PLAINTIFF-APPELLANT ONLY THREE (3) HOURS PER WEEK VISITATION WITH THE PARTIES' MINOR CHILD, AND SUCH ORDER IS NOT IN THE BEST INTERESTS OF THE MINOR CHILD OF THE PARTIES."
 {¶ 9} We begin our analysis by determining the threshold question of whether the November 27, 2002 judgment entry is a final appealable order. Ohio law provides that appellate courts possess jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one that affects a substantial right and, in effect, determines the action. R.C. 2505.02. Civil Rule 75(F) provides, in relevant part, that a trial court shall not enter final judgment as to a claim for divorce unless: (1) the judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and allocates parental rights and responsibilities, including payment of child support, between the parties; or (2) the judgment incorporates the court's previous orders regarding property division, spousal support, and allocation of parental rights and responsibilities.
 {¶ 10} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. Insurance Co. of N.Am. (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell (1989),44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, then we must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 11} Here, the judgment from which Husband seeks to appeal did not resolve all of the claims remaining below. The trial court has yet to enter judgment concerning the child and spousal support arrearages. We have previously held that a judgment in a paternity action that resolves paternity and future child support is not a final appealable order where the trial court defers the issue of the child support arrearage until a later hearing.State ex rel. Jackson Cty. Child Support Enforcement Agency v.Long, Jackson App. No. 00CA15, 2002-Ohio-408. We find that holding equally applicable when a court reserves the issues of child and spousal support arrearages for future hearing in the context of a divorce proceeding.
 {¶ 12} Here, in addition to reserving jurisdiction to rule upon child and spousal support arrearages, we note that the trial court has reserved jurisdiction to hear and decide "all motions not already ruled upon and filed after the final hearing [.]" This includes numerous contempt motions filed by the parties after the October 10, 2000 final hearing and before the filing of the judgment entry and decree of divorce on November 27, 2002.
 {¶ 13} Because we find that the trial court clearly contemplated further proceedings with respect to the issues of child and spousal support arrearages and other pending motions, we find that the judgment entry and decree of divorce did not fully determine the divorce proceeding as required by R.C.2505.02 and Civ.R. 75(F). Accordingly, the judgment is not final and appealable, and we are without jurisdiction to consider the merits of this case. Therefore, we dismiss the appeal.
Appeal dismissed.
Harsha, J.: Concurs in Judgment and Opinion.
Evans, J.: Not Participating.
[3] The magistrate's January 16, 2002 decision referred to Wife's mother and stepfather as Mr. and Mrs. Coyan. However, on February 4, 2002, the magistrate filed a nunc pro tunc entry stating that their last name should read Coyle.
[4] While the decree changed the day and time of Husband's visitation, we note that it maintains the weekly, three-hour visitation established in the magistrate's January 16, 2002 decision.