[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, Denday D. Liming, has filed a motion to dismiss this appeal. She argues that because the trial court did not fully resolve the issues surrounding the division of marital property and child support, the entry from which appellant, Michael K. Liming, is appealing is not a final appealable order.
 {¶ 2} On January 21, 2005, appellant filed a notice of appeal from a January 19, 2003 judgment of the Athens County Court of Common Pleas. In that judgment, the trial court granted the parties a divorce due to their incompatibility. Although the trial court disposed of a majority of the claims at that time, including custody of the parties' two minor children, the court expressly reserved jurisdiction to distribute the marital property and to establish appellant's child support obligation until after the bankruptcy proceedings initiated by appellant in the United States Bankruptcy Court for the Southern District of Ohio were concluded.
 {¶ 3} Section 3(B)(2), Article IV of the Ohio Constitution provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Generally speaking, "[a]n order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78,2002-Ohio-5315, at ¶ 5. If an order is not both final and appealable, a reviewing court has no jurisdiction to consider the matter and has no choice but to dismiss the appeal. The Bell Drilling Producing Co. v.Kilbarger Constr., Inc. (June 26, 1997), Hocking App. No. 96CA23, 1997 WL 361025, at 2.
 {¶ 4} Moreover, Civ.R. 75(F) provides: The provisions of Civ.R. 55 shall not apply in actions for divorce, annulment, legal separation, or civil protection orders. For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
(1) The judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children;
(2) Issues of property division, spousal support, and allocation of parental rights and responsibilities or shared parenting have been finally determined in orders, previously entered by the court, that are incorporated into the judgment;
(3) The court includes in the judgment the express determination required by Civ.R. 54(B) and a final determination that either of the following applies:
(a) The court lacks jurisdiction to determine such issues;
(b) In a legal separation action, the division of the property of the parties would be inappropriate at that time.
 {¶ 5} Here, the judgment appellant is challenging clearly does not resolve all claims. Appellant, however, argues that an action for divorce is a special proceeding and a judgment that determines custody affects a substantial right. Moreover, if we wait until the trial court divides the marital property and determines his child support obligation, appellant maintains it could be three years before we review the court's award of custody.
 {¶ 6} To determine whether an order is final and appealable, an appellate court's review involves a two-step process. Wisintainer v. ElcenPower Strut Co., 67 Ohio St.3d 352, 354, 1993-Ohio-120. First, and most important, a reviewing court must focus its attention on whether the appealed order is "final" as established by R.C. 2505.02; that is, whether the order affects a substantial right and in effect determines the action and prevents a judgment, or, as is the case here, an order that affects a substantial right made in a special proceeding. Wisintainer at 354. If so, and the order disposes of all claims and/or parties involved in the action, it is final and appealable and subject to appellate review.
 {¶ 7} Our inquiry, however, does not end there. If the order adjudicates fewer than all of the claims and/or parties, a reviewing court moves to the second step in the process and decides whether the order satisfied the requirements of Civ.R. 54(B) to be final and appealable. Wisintainer at 354. In an action for divorce, however, Civ.R. 54(B) is applicable only if the judgment includes the express determination that there is no just reason for delay and a final determination that either the court lacks jurisdiction to determine the issues or, in a legal separation action, the division of the property of the parties would be inappropriate at that time.
 {¶ 8} After examining the record here, we conclude that the trial court's judgment entry is not a final and appealable order. Although an action for divorce may be a special proceeding, Davis v. Davis, (July 23, 2001), Jackson App. No. 00CA28, 2001 WL 884090, at 3, and decisions concerning custody affect substantial rights, In re Murray,52 Ohio St.3d 155, 157, Civ.R. 75(F) forbids a trial court from entering a final judgment unless the judgment also divides the parties' property and allocates parental responsibilities.
 {¶ 9} We note that this court previously has considered appeals involving actions for divorce even when the trial court did not resolve every issue. For example, in Evicks v. Evicks, (1992),79 Ohio App.3d 657, 663, we held that because it was in the child's best interest to determine the question of custody "as quickly as possible[,]" the trial court's decision awarding the wife custody was a final appealable order despite the fact that the order did not resolve everything pending before it.
See, also, Wright v. Wright (Nov. 10, 1994), Hocking App. No. 94CA02, 1994 WL 649271 (holding that a divorce decree was a final appealable order even though there was no qualified domestic relations order dividing the retirement benefits of the husband).
 {¶ 10} Evicks and Wright, however, were decided before Civ.R. 75(F) was adopted in 1998. Moreover, our rationale in Evicks was based largely on a prior decision of the Supreme Court of Ohio that the Court subsequently overruled. See Amato v. Gen. Motors Corp. (1981),67 Ohio St.2d 253 and Polikoff v. Adam (1993), 67 Ohio St.3d 100. See, also, Rash v. Rash, 155 Ohio App.3d 106, 2003-Ohio-5688, at fn. 1 (observing that Wright may no longer be relevant in light of Civ.R. 75(F)). Therefore, to the extent that Evicks and Wright conflict with Civ.R. 75(F), they are hereby overruled.
 {¶ 11} Because the judgment does not comply with Civ.R. 75(F), it is not a final appealable order. Garvin v. Garvin, Jackson App. No. 02CA23, 2004-Ohio-3636, at ¶ 13. Without a final and appealable order, this court does not have jurisdiction to consider this matter.
APPEAL DISMISSED.
 COSTS TO APPELLANT.
Abele, P.J., McFarland, J.: Concur.