{¶ 46} In his fourth assignment of error, appellant contends that the trial court *Page 11 
erred by not "disentangling the parties' economic partnership." In particular, he complains that the trial court only ordered appellee to "make a good faith effort to refinance" the couple's marital real estate within one year, rather than ordering her to refinance or sell the home. The majority concludes that the trial court did not abuse its discretion because "the parties could simply return to court for further instruction" in the form of a contempt action if appellee could not obtain refinancing within that time. The majority's rationale illustrates the fundamental problem with the trial court's order; it is not a final appealable order. Since the order is not a final, appealable order, this appeal should be dismissed.
 {¶ 47} In a divorce action, a judgment is only final if it "divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children." Civ.R. 75(F)(1). If a divorce decree leaves any of these issues unresolved and further proceedings are necessary, then it is not a final, appealable order. Garvin v. Garvin, 4th Dist. No. 02CA23, 2004-Ohio-3626;Muhlfelder v. Muhlfelder, 11th Dist. Nos. 2000-L-183, 2000-L-184, 2002-Ohio-1166; see also Liming v. Liming, 4th Dist. No. 05CA3,2005-Ohio-2228 (Overruling prior decisions which were decided before Civ.R. 75(F) became effective in 1998).
 {¶ 48} The majority concludes the entry in this case resolves all of the issues between the parties since appellant can seek relief via contempt if appellee cannot "in good faith" refinance the property within one year. Nonetheless, the parties remain in limbo if she cannot refinance the property. If in "in good faith" appellee cannot refinance then she cannot be held in contempt. And appellant still remains liable to third parties if appellee fails to hold him harmless and fails to make timely payments. There must be some kind of finality to the disposition of this asset, i.e., if appellee cannot refinance in one year, the home shall be sold. This issue must be addressed before the order is a final order.
 {¶ 49} Since the trial court's order in this case is not yet a final order, this case *Page 12 
should be dismissed for a lack of subject matter jurisdiction. *Page 1