[Cite as *Woody v. Woody*, 2010-Ohio-6049.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | |
|---|---|
| RICHARD R. WOODY, | : |
| | : |
| Plaintiff-Appellant, | : Case No. 09CA34 |
| | : |
| vs. | : **Released: December 6, 2010** |
| | : |
| CAROL A. WOODY, | : <u>DECISION AND JUDGMENT</u> |
| | : <u>ENTRY</u> |
| Defendant-Appellee. | : |

_____
<u>APPEARANCES:</u>

Beth B. Ferrier, Athens, Ohio, for Appellant.

Susan L. Gwinn, Athens, Ohio, for Appellee.
_____

McFarland, P.J.:

{¶1} Appellant Richard R. Woody appeals the trial court's decision granting the parties a divorce. He first argues that the trial court wrongly determined that it could not award him personal property that he left in the former marital residence when, at the final hearing, appellant failed to specifically request the magistrate to award him these items of property. Even though appellant, by failing to raise this issue at the final hearing, waived the issue, the trial court nonetheless possesses an independent duty to review the magistrate's decision. Appellant brought this issue to the trial court's attention at a time when the trial court could correct any error.

Moreover, the trial court has a duty to enter an order that disposes of all items of the parties' property. Accordingly, we agree with appellant that the trial court erred by concluding that it could not enter any order that would award appellant these items of property.

{¶2} Appellant next argues that the trial court erred by failing to award him certain items of property. He observes that the trial court sustained his objections to the magistrate's failure to include certain items as his separate property but then inexplicably neglected to include them in its property division order. Because the trial court appears to have omitted these items from its property division order, we remand to the trial court for clarification.

{¶3} Appellant lastly asserts that the trial court erred by adopting the magistrate's spousal support recommendation. The record does not support any finding that the trial court abused its discretion by awarding appellee spousal support. The court considered the spousal support statute and determined that spousal support was appropriate and reasonable.

{¶4} Accordingly, we sustain appellant's first and second assignments of error and remand these issues to the trial court. We overrule appellant's third assignment of error.

I.

FACTS

{¶5} On March 19, 1994, the parties married.  On October 25, 2007, appellant filed a complaint for divorce against appellee, and appellee counterclaimed for divorce.

{¶6} On March 10, 2008, appellant filed a motion that requested the magistrate permit him to retrieve "his personal property, including his farm equipment and his white tail deer," from the marital residence.  At a June 25, 2008 hearing, appellant's counsel agreed to reserve his motion regarding the retrieval of his personal property for the final hearing.

{¶7} At the final hearing, the parties presented a six-page personal property appraisal that listed property found in the former marital residence, including items found in the kitchen, living room, family room, main bedroom, hallway, bathroom, guest bedroom, den, basement, back porch, canning kitchen, detached garage, and hunting trailer.  The appraisal also listed a value for appellee's vehicle, a tractor, and various farm machinery. The parties did not fully agree on how the court should divide the property, but each presented evidence as to whether a certain item constituted his or her separate property or whether the property constituted marital property. At the hearing, appellant did not specifically reiterate his request to retrieve

his personal property as alleged in his March 10, 2008 motion, but some testimony was presented regarding the deer, and the farm machinery was included on the personal property appraisal.

{¶8} On March 6, 2009, the magistrate entered a decision.  The magistrate awarded each party his or her separate property.  The magistrate awarded appellant the following items of personal property as his separate property:  (1) an electric light; (2) a shop vac; (3) a metal cabinet; (4) a 15 million candle power road pro light; (5) two metal 24-inch squares; (6) a Cummins 8-piece air ratchet socket set; (7) two mitre boxes; (8) several metal and plastic gas cans; (9) a circular saw; (10) plumber kits; (11) a sabre saw; (12) a hammer drill; (13) a highboy chest; (14) a coat closet; (15) a wood captain's chair; (16) a core welder; (17) a welder's helmet; (18) an air tool; (19) a chainsaw; and (20) a 12-gauge rifle.  The magistrate found that all property not awarded to appellee or appellant as separate property constituted marital property.  The magistrate directed the parties to equally divide the marital property by alternating turns choosing $5,000 worth of property and then selling and equally dividing the remaining property.

{¶9} The magistrate also determined that appellee is entitled to spousal support.  In reaching her decision, the magistrate first considered the factors specified in R.C. 3105.18 and stated:

"In the present matter, the duration of the parties' marriage was fourteen years four months. At the time of final hearing, [appellant] was 54 years old and, after a designated period of rehabilitation from recent ankle surgery, capable of working a 3/2 driving position with Wal-Mart with anticipated gross annual earnings of approximately $58,000.00 [Appellee] was 64 years old, unemployed (and had been since 1996), and suffering from multiple medical conditions which, in her treating physicians' opinions, significantly impaired her ability to have gainful employment. [Appellee] testified that at most she may be able to work a part-time job which, at minimum wage, may earn her a gross annual income of approximately $7,800.00. Despite her education, minimum wage may be [appellee's] maximum earning ability given that she has not worked in many years and she has not been employed in the field of her Master's Degree since receiving it. Her only actual source of income was $382.00 per month from Social Security. The parties had no retirement benefits other than [Appellant's] profit sharing plan and 401(k) with Wal-Mart which is a marital asset and which this Magistrate has recommended dividing equally but which the parties will not begin receiving for several years.

In regards to the parties' relative assets and liabilities, [Appellant] will receive real property which is unencumbered and [appellee] will receive a distributive award in the approximate amount of $33,725.43. In addition, all of the marital debt has been assigned to [appellant] for which he receives an offset against the distributive award.

The standard of living that the parties established during the marriage was fairly modest—they did not live an extravagant lifestyle by any means. They also did not have any children of the marriage and neither party has minor children.

It appears from the testimony that [appellant] contributed to [appellant's] education in that [appellant] resided with [appellee's] family during the week while attending school out of town. However, this has not increased the earning ability of [appellee] as her earning ability has been significantly compromised due to her medical conditions. Along those same lines it does not appear that additional education and/or training for [appellee] would be of benefit since that is not what

hampers her earning ability. No amount of education and/or training makes up for the debilitating medical conditions from which she suffers and the impact they have on her ability to work.

Based on the above factors, it is the conclusion of the Magistrate that an award of some amount of spousal support to [appellee] is reasonable and appropriate. In determining the amount and duration, the Ohio Supreme Court's proposed guidelines are taken into consideration. Under such guidelines the average amount and duration of support would be in the approximate amount of $15,965.60, annually, for a duration of 5.7 years. The 'low' end under such guidelines would result in an approximate annual amount of support of $13,684.80 and a duration of 5 years. An award at the 'low' end of the guidelines results in decreasing [appellant's] annual income from $58,000.00 to $44,316.00 and increasing [appellee's] annual income from $12,384.00 (minimum wage, part-time work plus social security) to $26,068.00. An award of spousal support in the amount of $13,84.80, annually, or $1,140.40 [monthly], is the approximate cost of [appellee's] required medications and health insurance through COBRA. Also, in reviewing [appellant's] list of monthly expenses set forth in [appellant's] Exhibit 7 several of these expenses will cease thereby allowing [appellant] sufficient income to pay a spousal support award in the amount of $1,140.40

In regards to the tax implication of such an award, both parties, in 2009, will have a standard deduction of $5,700.00 (assuming neither remarries). [Appellant's] income of approximately $44,000.00 will result in him being in the 25% tax bracket. [Appellee's] income of approximately $26,068.00 will result in her also being in the 25% tax bracket. Such an award of spousal support does not change either party's tax bracket. In addition, spousal support of $13,684.80 only costs [appellant] $10,263.60 due to the tax savings.

Regarding the duration of the spousal support award, the parties, at the time of final hearing, had been married for fourteen years and four months. Based upon the testimony there was some marital discord in 2004 that was significant enough to cause [appellee] to fear that [appellant] would 'kick her out of the marital home.' It is the Magistrate's

recommendation that spousal support be for a period of 4.7 years, or 1/3 the duration of the marriage."

{¶10} Appellant subsequently objected to the magistrate's decision. Specifically, he objected to the magistrate's failure to award appellant the "personal items, records, mementos and clothing" that remain at the marital residence and that were not listed on the personal property appraisal. Appellant lists these items as: (1) diploma; (2) pictures; (3) awards; (4) pocket watch; (5) clothing; (6) kitchen items; (7) personal papers and records; and (8) any other personal items left at marital home. Appellant noted that he did not request the magistrate at the final hearing to award these items to him, but he asserted that the court is required to enter an order that disposes of all of the parties' personal property. He thus contended that the magistrate should have included the items when dividing the parties' property and that the failure to do so was improper.

{¶11} Appellant also objected to the magistrate's property division. He asserted that the magistrate should have awarded him the following items as his separate property: (1) round glass table top and four cane chairs; (2) GE tube radio; (3) love seat; (4) glass top coffee table; (5) oval wood picture frame; (6) hanging macramé; (7) deer head; (8) end tables; (9) round mahogany table; (10) 3-drawer dresser; (11) waterbed dresser; (12) 4-shelf bookcase; (13) 3 gallon 1.5 horsepower air compressor; (14) one gallon

plastic sprayer; (15) 2 gallon shop vac; (16) ax; (17) true-temper maul; (18) air tool; (19) grinder; (20) plastic gas cans; (21) tool box and tools; (22) fishing tackle box; (23) steel wedges; (24) 6-inch vice; (25) bolt cutters; (26) damaged old metal tool box and tools; (27) drill; (28) router; (29) men's diamond ring; (30) gold pocket watch; (31) target pistol; (32) 16-gauge rifle; and (33) Winchester rifle.

{¶12} Appellant additionally objected to the magistrate's spousal support recommendation. He argued that the magistrate failed to consider relevant statutory factors and instead improperly relied upon an invalid mathematical formula.

{¶13} On September 1, 2009, the trial court partially sustained appellant's objections. Regarding appellant's complaint that the magistrate did not enter an order that would permit him to retrieve items from the former marital residence, the court stated that appellant did not "file a motion to retrieve personal property and other items from the residence" after he was ordered to vacate the marital residence on October 18, 2007. The court further stated that appellant "mistakenly failed to raise this issue prior to or at the final hearing. If he had, [appellee] could have approved or objected. The Court then could have decided [appellant's] motion." The court determined that it could not "now order as [appellant] requests."

{¶14} The court agreed with appellant's objection that the magistrate's decision failed to award appellant certain items of separate property as indicated on his Exhibit 18A. The court thus awarded appellant all of the items he listed in his objections, except the following: (1) 3 gallon 1.5 horsepower air compressor; (2) ax; (3) two plastic one gallon cans; (4) tool box and tools; (5) 6" vice; (6) ½" drill; (7) men's diamond ring; (8) gold pocket watch; (9) target pistol; (10) 16-guage rifle; and (11) Winchester rifle. Although the court appeared to sustain this particular objection in total, the court did not provide an explanation as to why it did not award appellant the above items of property.

{¶15} The court also overruled appellant's objections regarding spousal support. The court determined that the magistrate properly applied the law and the facts in recommending spousal support.

{¶16} The court thus granted the parties a divorce and adopted the magistrate's decision with modifications.

II.

ASSIGNMENTS OF ERROR

Appellant raises the following assignments of error:

First Assignment of Error:

"The trial court erred and abused its discretion by finding it could not order that appellant be permitted to retrieve personal belongings from the former marital residence."

Second Assignment of Error:

"The trial court erred by adopting the magistrate's decision which failed to make a determination on appellant's claims that certain personal property was separate property either owned by appellant prior to the marriage or gifted to appellant."

Third Assignment of Error:

"The trial court abused its discretion and committed reversible error by approving the magistrate's utilization of a guideline calculation not adopted by law for spousal support."

## III.

## ANALYSIS

## A

## STANDARD OF REVIEW

{¶17} The same basic standard of review governs our disposition of appellant's three assignments of error. An appellate court generally reviews a trial court's judgment under the manifest-weight-of-the-evidence standard.[1] We will not reverse a trial court's judgment in a civil action

---

[1] We recognize that some courts apply an abuse of discretion standard when reviewing a trial court's judgment that adopts a magistrate's decision. See *In re T.A.F.,* Medina App. No. 09CA46-M, 2010-Ohio-3000, at ¶11; *Mayle v. Ohio Dept. of Rehabilitation & Correction*, Franklin App. No. 09AP-541, 2010-Ohio-2774, at ¶15; *In re A.B.,* Cuyahoga App. No. 93693, 2010-Ohio-2227, at ¶12; *Howard v. Wilson*, 186 Ohio App.3d 521, 2010-Ohio-1125, 928 N.E.2d 1180, at ¶8; . However, we believe that the proper standard for reviewing the trial court's judgment, whether it originates with a magistrate or not, should ordinarily be reviewed under the manifest weight of the evidence standard. Applying an abuse of

unless it is against the manifest weight of the evidence. A trial court's

judgment is not against the manifest weight of the evidence so long as some

competent and credible evidence supports it. See, e.g., *C.E. Morris Co. v.*

*Foley Construction Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578,

syllabus. In determining whether a trial court's judgment is against the

manifest weight of the evidence, a reviewing court must not re-weigh the

evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 79-80,

461 N.E.2d 1273. Under this highly deferential standard of review, we do

not decide whether we would have come to the same conclusion as the trial

court. *Amsbary v. Brumfield*, 177 Ohio App.3d 121, 2008-Ohio-3183, 894

N.E.2d 71, at ¶11. Instead, we must uphold the judgment so long as the

record contains "some evidence from which the trier of fact could have

reached its ultimate factual conclusions." Id., citing *Bugg v. Fancher*,

Highland App. No. 06CA12, 2007-Ohio-2019, at ¶9. Moreover, we

presume the trial court's findings are correct because the trial court is best

able to view the witnesses and observe their demeanor, gestures, and voice

inflections and to use those observations in weighing the credibility of the

---

discretion standard of review simply because the case originated with a magistrate seems illogical when we would not apply this same standard of review had the case originated with the trial judge, rather than the magistrate. Furthermore, we note that it is the trial court's decision, not the magistrate's, that an appellate court reviews. We are thus confounded as to why two different standards should apply when reviewing a trial court's judgment depending upon whether it originates with a magistrate or a trial judge. Moreover, although the previously-cited cases may state that they apply an abuse of discretion standard, a review of

testimony.  See, e.g., *Seasons Coal*, 10 Ohio St.3d at 80; *Jones v. Jones*, Athens App. 07CA25, 2008-Ohio-2476, at ¶18. This means that the trier of fact is free to believe all, part, or none of the testimony of any witness who appears before it.  *Rogers v. Hill* (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591.  Furthermore, an appellate court should not substitute its judgment for that of the trial court when the record contains competent, credible evidence going to all of the essential elements of the case.  *Seasons Coal*, supra.  However, to the extent that the judgment involves a question of law, we review the question of law independently and without any deference.  See *Cooper v. Smith*, 155 Ohio App.3d 218, 2003-Ohio-6083, 800 N.E.2d 372, at ¶10.

{¶18} In contrast to the appellate standard of review, when a trial court reviews a magistrate's decision, it must independently review the magistrate's decision.  Upon review, it may adopt or reject the magistrate's decision in whole or in part and with or without modification.  See Civ.R. 53(D)(4)(b).  The court also may hear a previously-referred matter, take additional evidence, or return the matter to the magistrate.  Id.  "In essence, the rule is based on the principle that a trial court should have a chance to

---

those cases seems to suggest that they actually review the evidence to see if the evidence supports the court's judgment—which is more akin to a manifest weight of the evidence standard.

correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court." *Barnett v. Barnett*, Highland App. No. 04CA13, 2008-Ohio-3415, at ¶16, quoting *Cunningham v. Cunningham*, Scioto 01 CA2810, 2002-Ohio-4094, at ¶8; see, also, *Liming v. Damos*, Athens App. No. 08CA34, 2009-Ohio-6490.

{¶19} When a party files timely objections to a magistrate's decision, the trial court must independently review the objections to determine whether the magistrate properly determined the factual issues and appropriately applied the law. Civ.R. 53(D)(4)(d). Under this de novo standard of review, the trial court may not merely "rubber stamp" the magistrate's decision. *Knauer v. Keener* (2001), 143 Ohio App.3d 789, 793, 758 N.E.2d 1234; *Roach v. Roach* (1992), 79 Ohio App.3d 194, 207, 607 N.E.2d 35. "Thus, '[t]he trial court should not adopt challenged [magistrate's] findings of fact unless the trial court fully agrees with them-- that is, the trial court, in weighing the evidence itself and fully substituting its judgment for that of the [magistrate], independently reaches the same conclusion.'" *McCarty v. Hayner*, Jackson App. No. 08CA8, 2009-Ohio-4540, at ¶17, quoting *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 233, 590 N.E.2d 886.

{¶20} With the foregoing principles in mind, we consider appellant's three assignments of error.

B

PROPERTY DIVISION

{¶21} Appellant's first two assignments of error relate to the trial court's division of the parties' property. In his first assignment of error, appellant argues that the trial court erred by overruling his objection to the magistrate's failure to rule on his motion to retrieve his personal belongings from the former marital residence or to otherwise award the items to him as part of the property division. Appellant asserts that the trial court improperly determined that because appellant failed to specifically raise this issue at the final hearing, then he waived the right to raise the issue before the trial court when objecting to the magistrate's decision. Appellant contends that the trial court's ruling is contrary to the trial court's duty to independently review the magistrate's decision and is also contrary to the trial court's mandatory duty under R.C. 3105.171 to classify all of the parties' property as either marital or separate. He basically claims that by failing to enter any order regarding these items, the trial court failed to enter a property division order that disposed of all of the parties' property. Appellant thus asserts that he is entitled to the following items of his

separate property that are located in the former marital residence: (1) diploma; (2) pictures; (3) awards; (4) pocket watch; (5) clothing; (6) kitchen items; and (7) personal papers and records.

{¶22} In his second assignment of error, appellant asserts that the trial court erred by adopting the magistrate's decision when the magistrate failed to classify certain personal property as his separate property.

{¶23} A trial court generally possesses a great degree of discretion when fashioning an equitable property division in a divorce action. However, the court must exercise its discretion in accordance with the governing statutes. "A failure to do so amounts to per se abuse of discretion."[2] *Liming*, at ¶25.

{¶24} We have stated on several occasions that in a divorce action, a trial court possesses a mandatory duty to classify property as either marital or separate. See *Knight v. Knight* (Apr. 12, 2000), Washington App. No. 99CA27, citing, e.g., *Pawlowski v. Pawlowski* (1992), 83 Ohio App.3d 794, 799, 615 N.E.2d 1071; *Goode v. Goode* (1991), 70 Ohio App.3d 125, 132, 590 N.E.2d 439. Once the court classifies the property, it then must award each spouse his or her separate property. See *Peck v. Peck* (1994), 96 Ohio App.3d 731, 734; R.C. 3105.171(B); *Knight*; *Wright v. Wright* (Nov. 10,

---

[2] One might also suggest that a trial court's failure to follow the governing statutes constitutes an error of law, subject to de novo review, that merits a reversal.

1994), Hocking App. No. 94CA02, overruled on other grounds *Liming v. Liming*, Athens App. No. 05CA3, 2005-Ohio-2228.  Moreover, the trial court must make findings under R.C. 3105.171(G) "in sufficient detail to allow for meaningful appellate review of its decision."  *Knight*; see, also, *Liming* at ¶30.

{¶25} In the case at bar, appellant correctly observes that the trial court's divorce decree omits any reference to the separate property items appellant claims remain in the former marital residence.  However, as the trial court noted, appellant did not present any evidence at the final hearing regarding the distribution of these items.  Due to this failure, the trial court essentially determined that appellant invited any error regarding the magistrate's failure to award him these items and that he could not request the trial court to award him the property.[3]

{¶26} The "invited error" doctrine prohibits a party who induces error in the trial court from taking advantage of the error on appeal.  *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950; *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 502 N.E.2d 590, paragraph one of the syllabus; *Woolridge v. Newman* (June 8,

---

[3] To the extent appellant claims that the trial court erred by finding that he failed to file a motion to retrieve property, we observe that appellant's March 2008 motion to retrieve personal property referenced only the deer and farm equipment.  The parties subsequently included the farm equipment on the personal property appraisal, and some evidence was presented at the hearing regarding the deer.  Thus, it appears that the

2000), Pike App. No. 99CA635.  It is a cardinal rule of appellate procedure that "an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 436 N.E.2d 1001; see, also, *State ex rel. V. Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 471, 692 N.E.2d 198.  A party waives and may not raise on appeal any error that arises during the trial court proceedings if that party fails to bring the error to the court's attention, by objection or otherwise, at a time when the trial court could avoid or correct the error.  *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099; *Stores Realty Co. v. City of Cleveland Bd. of Bldg. Standards and Bldg. Appeals* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629.  In the absence of a proper objection, the party waives all but plain error.  *State v. Jones*, 91 Ohio St.3d 335, 2001-Ohio-57, 744 N.E.2d 1163.   In the civil context, the plain error doctrine applies only when an error "seriously affects the basic fairness, integrity, or public reputation of the judicial process."  *Goldfuss*, 79 Ohio St.3d at 122-123.

{¶27} Our court has typically held that the invited error doctrine applies when a party fails to present evidence before a magistrate and then

---

magistrate considered and ruled upon the property specified in the March 2008 motion.  When appellant objected to the trial court, he objected to items that he did not reference in his March 2008 motion.

files objections to the magistrate's decision asserting that the magistrate failed to consider such evidence. We have reasoned that allowing a party to waive the presentation of evidence before a magistrate "'and, after receiving an adverse decision from the magistrate, ask to present evidence would frustrate the orderly administration of justice. See *State v.1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 171, 522 N.E.2d 524, 527.'" *Melvin v. Martin*, Lawrence App. No. 05CA44, 2006-Ohio-5473, at ¶12, quoting *Nezhad v. Kilgore* (Dec. 18, 1998), Lawrence App. No. 98CA3.

{¶28} In the case at bar, however, appellant's failure to request the magistrate to award him the separate property he left at the marital residence appears to be more of an oversight than an invited error. While we would ordinarily find that a party who fails to bring a matter to the magistrate's attention at the final hearing waives the right to raise the issue on appeal, under the circumstances present in the case at bar, we do not find that appellant's conduct merits application of the invited error doctrine. Once appellant realized that the magistrate's decision omitted any reference to the items, he timely filed an objection that requested the court award him the separate property he left in the marital residence.

{¶29} Moreover, the trial court has an independent duty to review the magistrate's decision, and the trial court's divorce decree must dispose of all

items of property.  In the present case, the trial court's divorce decree fails to dispose of the items of property appellant claims constitute his separate property that he left in the former marital residence.  Additionally, it appears that at least some of the items appellant claims he left at the former marital residence are of a personal nature which appellee should have no legitimate interest in keeping.  Accordingly, we sustain appellant's first assignment of error and remand the matter to the trial court with instructions to determine whether the items constitute marital or separate property and to enter an appropriate order disposing of these items.[4]  See *Girton v. Girton*, Athens App. No. 08CA30, 2009-Ohio-4458.

{¶30} Appellant's second assignment of error raises a similar issue. In his second assignment of error, appellant argues that the trial court failed to award him the following items as his separate property:  (1) men's diamond ring; (2) pocket watch; (3) target pistol; (4) 16-gauge rifle; and (5) Winchester rifle.  Appellant asserts that the trial court sustained his objection relating to these items, but for some reason, did not specifically mention these items when issuing its decree.

---

[4] We also point out that to the extent the trial court determined that it had no legal authority to consider evidence that appellant failed to present to the magistrate, Civ.R. 53 expressly authorizes the court to hear additional evidence.  See Civ.R. 53(D)(4)(b) (stating that "[a] court may * * * take additional evidence, or return a matter to a magistrate").  This rule thus provides the court with discretion as to whether to take additional evidence or refer a matter to the magistrate.  In the case at bar, it is unclear whether the trial court understood its discretionary abilities under Civ.R. 53(D)(4)(b).

**{¶31}** Our review of the trial court's entry regarding appellant's objections and its divorce decree reveals that the trial court sustained appellant's objection to the magistrate's findings of fact regarding appellant's separate property. The court found that the magistrate's decision did not dispose of all of the property appellant claimed to be his separate property. The court stated:

> "While all the items in findings of fact 14 & 15 are found on Plaintiff's exhibit 18A and Defendant's exhibit FF, there are some items listed on these exhibits which are not included in findings of fact 14 & 15.
> The Court finds that some items were not listed in the correct finding of fact and has made the adjustment in its orders."

**{¶32}** However, the court did not dispose of all of the property appellant listed on exhibit C, which he submitted as an attachment to his objections, namely: (1) men's diamond ring; (2) pocket watch; (3) target pistol; (4) 16-gauge rifle; and (5) Winchester rifle. It appears that the court sustained appellant's objection regarding the magistrate's failure to include these items, but the court inexplicably did not dispose of these items in its order. We therefore remand this issue to the trial court for clarification.

**{¶33}** Accordingly, we sustain appellant's second assignment of error.

C

SPOUSAL SUPPORT

**{¶34}** In his third assignment of error, appellant argues that the trial court abused its discretion by adopting the magistrate's spousal support calculation.  He asserts that the magistrate improperly employed proposed guidelines that were never adopted and, thus, did not employ the proper standard when awarding spousal support.

**{¶35}** "'It is well-settled that trial courts enjoy broad discretion in awarding spousal support.'"  *Breedlove v. Breedlove*, Washington App. No. 08CA10, 2008-Ohio-4887, at ¶9, quoting *White v. White*, Gallia App. No. 03CA11, 2003-Ohio-6316, at ¶21, citing *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83.  Trial courts are given "wide latitude in determining the appropriateness, as well as the amount," of spousal support.  *Bolinger v. Bolinger* (1990), 49 Ohio St.3d 120, 122, 551 N.E.2d 157.  A court's decision to award spousal support will not be reversed on appeal absent an abuse of discretion.  See *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178.  Under the abuse of discretion standard of review, we must affirm the decision of the trial court unless it is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 140.  Under this highly deferential standard of review, we may not simply substitute our judgment for that of the trial court.  *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.  Rather,

we are limited to determining whether considering the totality of the

circumstances, the trial court acted unreasonably, arbitrarily or

unconscionably. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 222, 459

N.E.2d 896, citing *Blakemore* at 218-20, 450 N.E.2d 1140.

{¶36} R.C. 3105.18(C)(1) provides that, in determining whether

spousal support is "appropriate and reasonable, and in determining the

nature, amount, and terms of payment, and duration of spousal support," the

court must consider the following factors:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
> (b) The relative earning abilities of the parties;
> (c) The ages and the physical, mental, and emotional conditions of the parties;
> (d) The retirement benefits of the parties;
> (e) The duration of the marriage;
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
> (g) The standard of living of the parties established during the marriage;
> (h) The relative extent of education of the parties;
> (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
> (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
> (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job

experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

See R.C. 3105.18(C)(1).

{¶37} When making a spousal support award, a trial court must consider all statutory factors, and not base its determination upon any one of those factors taken in isolation. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph one of the syllabus. While the trial court is given broad discretion regarding the determination of the appropriateness and reasonableness of an award of spousal support, it must consider the statutory factors enumerated above and must indicate the basis for a spousal support award in sufficient detail to enable a reviewing court to determine that the award complies with the law. *Kaechele* at paragraph two of the syllabus. But, in the absence of a request for findings of fact and conclusions of law, *Kaechele* does not require the trial court to list and comment on each factor. *Brown v. Brown*, Pike App. No. 02CA689, 2003-Ohio-304, at ¶10. *Kaechele* and R.C. 3105.18(C) only require the trial court to reveal the basis for its award in either its judgment entry or the record.

Id.; see, also, *Carman v. Carman* (1996), 109 Ohio App.3d 698, 704, 672 N.E.2d 1093.

{¶38} Appellant objected to the magistrate's spousal support recommendation. He asserted that the magistrate failed to consider appellee's Medicare eligibility and his ability to pay. The trial court overruled this objection. The court observed that the magistrate initially reviewed the proposed guidelines to determine a starting point for the amount of spousal support. The trial court then observed that appellee testified that she obtained COBRA coverage for approximately $350 per month and stated that she attempted to obtain insurance but was advised that she was not coverable due to a pre-existing condition. Appellee further testified that she had not determined the impact, if any, her divorce would have upon her social security benefits. The court summarily determined that the magistrate's spousal support recommendation was proper.

{¶39} On appeal, appellant argues that the trial court failed to consider (1) appellee's age (approximately 64 at the time of the hearing), (2) her eligibility for Medicare and prescription coverage once appellee turned age 65; (3) the costs of appellee's medications if insurance covered them; and (4) appellee's eligibility for survivor social security benefits, upon divorce, due the death of a former spouse. Based upon our review of the record, we

are unable to conclude that the trial court abused its discretion when ordering appellant to pay appellee spousal support. The record shows that the court was well-aware of the parties' relative ages and earning capacities, of the length of the parties' marriage (approximately fourteen years), and of appellee's health issues. The evidence shows that appellee has little, if any, job prospects and that appellee has monthly medical expenses that she is unable to meet based upon her social security income. Based upon these factors, the trial court was well within its discretion to award spousal support for 4.7 years. Although the court did not comment on each and every R.C. 3105.18 factor, in the absence of a Civ.R. 52 request for findings of fact and conclusions of law, it had no obligation to do so.

{¶40} Furthermore, even if the magistrate improperly relied upon proposed, but never adopted, spousal support guidelines, the trial court independently reviewed the magistrate's decision and nonetheless determined that it was proper. As we stated above, we find no abuse of discretion with the trial court's decision to award spousal support. Both the magistrate and the trial court considered R.C. 3105.18, and we see no danger that the court's decision is based upon an improper application of the law.

{¶41} Accordingly, we overrule appellant's third assignment of error.

**JUDGMENT AFFIRMED IN PART,**
**REVERSED IN PART AND THE CAUSE REMANDED.**

Kline, J., concurring.

**{¶42}** I concur in judgment and opinion as to the second and third assignments of error. But I concur in judgment only as to the first assignment of error. While I also would sustain the first assignment of error, I would do so for a different reason.

**{¶43}** In my view, the trial court's entry never suggests that the invited error doctrine was the basis for its refusal to consider the appellant's evidence. But we need not resolve that question. Unquestionably, waiver may apply to prevent appellant from presenting evidence before the trial court after failing to present any evidence before the magistrate. The civil rules grant the trial court the discretion to consider evidence not considered by the magistrate. Civ.R. 53(D)(4)(b) ("A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate."); see, also, *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 408, 1996-Ohio-174 ("Use of the word 'may' in the statute implies that the decision * * * lies entirely within the trial court's discretion."), citing *State ex rel. Hirshler v. Frazier* (1980), 63 Ohio St.2d 333, 335.

**{¶44}** Here, the issue presented is whether the trial court was obliged to hear evidence that a party failed to present to the magistrate. The civil rules afford a court of common pleas the discretion to decide whether to hear

new evidence or not.  Therefore, in the present case, we review the trial court's decision on this ground for an abuse of discretion.

{¶45} The trial court's judgment entry in this case stated: "The Plaintiff mistakenly failed to raise this issue prior to or at the final hearing. If he had, the Defendant could have approved or objected.  The Court then could have decided the Plaintiff's motion.  The Court *cannot* now order as the Plaintiff requests." (Emphasis added.)  As such, the trial court failed to appreciate that it had the discretion to consider new evidence.  "[T]he failure to exercise discretion in the mistaken belief it does not exist almost always amounts to reversible error." *State v. Zukowski*, Franklin App. No. 06AP-46, 2006-Ohio-5299, at ¶9, citing *Wolfe v. Wolfe* (Nov. 22, 1989), Pickaway App. No. 88-CA-18.

{¶46} Accordingly, I would sustain the first assignment of error.  And I would instruct the trial court to consider whether to exercise its discretion to receive new evidence on remand.

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND THE CAUSE REMANDED and that the Appellee and the Appellant split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment and Opinion as to Assignments of Error II and III, and Concurs in Judgment Only as to Assignment of Error I with Opinion.

For the Court,


BY:    _____
           Matthew W. McFarland
           Presiding Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**