DECISION AND JUDGMENT ENTRY
{¶ 1} Edward Lee Harrington appeals the judgment in this divorce action, contending that the trial court erred by not categorizing appreciation on Carol Harrington's farm as marital property because it resulted from labor he contributed to the farm. Mr. Harrington had the burden to establish how much of the appreciation of Mrs. Harrington's separate property constituted marital property. The only evidence he offered to demonstrate that his labor in fact increased the farm's value was his opinion that it did. Mr. Harrington testified he made physical improvements to the property. However, he did not offer any evidence to quantify the corresponding increase in value from those improvements. Because he offered no evidence to demonstrate how much of any appreciation of the farm was marital property, i.e., due to his labor, we cannot say that the trial court's decision was against the manifest weight of the evidence.
 {¶ 2} Mr. Harrington also contends that the trial court abused its discretion by *Page 2 
not equally dividing the marital assets and by awarding him a portion of Mrs. Harrington's separate property for his equitable share of the marital property without making findings of fact as to the separate property's value. Because the trial court failed to assign a value to this property, we are unable to determine whether the trial court made an equitable distribution of the property. Thus, we must remand this cause to the trial court for a proper valuation.
 I. Facts {¶ 3} Carol and Edward Harrington obtained a divorce in 2008, after twelve years of marriage. At trial before the Magistrate, the parties testified regarding their cattle herd. Both parties testified that Mr. Harrington purchased three of the cattle with money he received as a gift from Mrs. Harrington's grandmother. The parties also testified as to the source and value of various items of farm equipment. In addition, Mr. Harrington contended that the farm the couple lived on, which Mrs. Harrington purchased in 1997 with her separate assets, had appreciated in value during the marriage by $100,000.00. To support this contention, Mr. Harrington offered the testimony of Mrs. Harrington that she bought the farm for $160,000.00, a price she agreed represented the property's fair market value. When initially asked if she knew the property's present value, Mrs. Harrington stated that she did not. Mr. Harrington's counsel then introduced documents into evidence to demonstrate that the Gallia County Auditor had valued the farm in excess of $260,000 at some point in time. However, these documents were never admitted into evidence. Mrs. Harrington then agreed that the farm was presently worth $260,000. Mr. Harrington testified that he believed the property's value increased due to various labor he performed on it, such as installing *Page 3 
fence posts, helping build a porch and two garages, putting siding on a building, and working on the home's basement walls. Mrs. Harrington testified that she believed his labor added no value to the farm.
 {¶ 4} The Magistrate issued a decision finding that the only marital property consisted of the cattle herd valued at $31,000. Mr. Harrington was awarded three cattle, valued at $1,500, as his separate property. The remainder of the herd, valued at $29,500, was awarded to Mrs. Harrington. The Magistrate then awarded Mr. Harrington numerous pieces of farm equipment from Mrs. Harrington's separate property for his equitable share in the remainder of the herd. The Magistrate's Decision assigned no value to this equipment other than to say it found its allocation of assets and liabilities to be fair and equitable to both parties.
 {¶ 5} The Magistrate further found that there was no appraisal of the farm at the time Mrs. Harrington received it. There was also no appraisal of the farm's current value offered at trial. The Magistrate noted that lay opinions were offered at trial to the effect that there may have been an increase in the value of the farm. However, there was insufficient evidence to demonstrate that any appreciation was other than passive growth or market-driven in nature. The Magistrate found that Mr. Harrington had no interest in the real estate.
 {¶ 6} Mr. Harrington filed timely objections to the Magistrate's Decision on two grounds: (1) The Magistrate erred as a matter of law by dividing the marital property in an inequitable manner not in accordance with the governing statute and by ordering that Mr. Harrington be compensated by non-marital assets that did not have established values; and (2) The Magistrate erred by not crediting Mr. Harrington with improvements *Page 4 
to the marital home that substantially increased its value and by failing to divide the increased appreciation as a marital asset.
 {¶ 7} The trial court overruled both objections. Initially, the trial court found that the value of the assets Mr. Harrington received was in excess of the value of his share of the marital property. The court further found no error in the Magistrate's distribution of Mrs. Harrington's separate property to compensate him for his share of the marital property, in part because Mr. Harrington had indicated he would like these items in the court's distribution of property. Next, the trial court found that Mr. Harrington had the burden to establish that the farm appreciated in value and did not meet that burden. In particular, the court noted that "[m]erely because there was testimony that the husband provided manual labor on the home is not sufficient to establish there was ANY increase in the value of the home during the marriage."
 {¶ 8} After the trial court adopted the Magistrate's Decision, Mr. Harrington timely appealed the trial court's judgment.
 II. Assignments of Error {¶ 9} Appellant presents the following assignments of error:
 1. The lower court erred by not equally dividing marital assets, and by not adequately explaining the basis for an unequal division of marital assets.
 2. The lower court erred by not properly categorizing the property as either marital or separate property and failing to value the appreciation of the separate property.
 III. Appreciation of Separate Property {¶ 10} For ease of analysis, we will address Mr. Harrington's assigned errors out of order. In his second assignment of error, Mr. Harrington states that the lower *Page 5 
court erred "by not properly categorizing the property as either marital or separate property and by failing to value the appreciation of the separate property." Though broadly worded, Mr. Harrington in reality only contends that the trial court erred by not categorizing appreciation of Mrs. Harrington's farm as marital property, assigning a value to that property, and dividing it accordingly.
 {¶ 11} Several rules govern our analysis of Mr. Harrington's contentions. Generally, a court dividing property upon divorce must award each spouse his or her separate property. R.C. 3105.171(D). Absent an abuse of discretion, we will not reverse a trial court's property award. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355, 421 N.E.2d 1293. "However, a trial court's characterization of property as separate or marital is reviewed under a manifest weight of the evidence standard of review." Nance v. Nance (Mar. 6, 1996), Pike App. No. 95CA553,1996 WL 104741, at *5. Thus, the court's characterization "will not be reversed if it is supported by some competent, credible evidence." Id. The fact finder "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Therefore, the trier of fact determines the credibility to be afforded testimony and the weight to be given evidence. State v. Ball, Hocking App. No. 07CA2,2008-Ohio-337, ¶ 21, citing State v. Dye, 82 Ohio St.3d 323, 329,1998-Ohio-234, 695 N.E.2d 763; State v. Frazier, 73 Ohio St.3d 323, 339,1995-Ohio-235, 652 N.E.2d 1000. "The factfinder may accept or reject all, part, or none of the testimony of each witness." In re A.E., Greene App. No. 2006 CA 153, 2008-Ohio-1864, ¶ 15, citing State v. Antill
(1964), 176 Ohio St. 61, 67, 197 N.E.2d 548. *Page 6 
 {¶ 12} Under the Revised Code, "separate property" includes "[p]assive income and appreciation acquired from separate property by one spouse during the marriage[.]" R.C. 3105.171 (A)(6)(a)(iii). "Passive income" means "income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse." R.C. 3105.171(A)(4). Therefore, if the separate property of one spouse appreciates during the marriage due to the labor, monetary, or in-kind contribution of either spouse, the appreciation should be characterized as marital property. R.C. 3105.171(A)(3)(a)(iii). However, if the appreciation is attributable to a source outside their control, such as inflation or a change in fair market value, it should be characterized as separate property.Roberts v. Roberts (Feb. 18, 1993), Highland App. No. 92 CA 800,1993 WL 49461, at *2.
 {¶ 13} Generally, the spouse seeking to have a particular asset classified as separate property has the burden to prove by a preponderance of the evidence that the asset is separate property.Nance at *5. However, once this burden is met, the spouse seeking to have any appreciation of that separate property classified as marital property must demonstrate that either spouse's labor, monetary, or in-kind contribution in fact caused an increase in the value of that separate property. See Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 400-401, 1998-Ohio-403, 696 N.E.2d 575; Barkley v. Barkley (1997),119 Ohio App.3d 155, 165, 694 N.E.2d 989; Roberts at *2; Holman v.Holman (Aug. 8, 1997), Ottawa App. No. OT-96-029, 1997 WL 458046, at *3 (all implicitly adopting placing this burden on the party who seeks to divest the appreciation from the other party's separate property). We acknowledge there is authority to the contrary, see the cases cited in the dissent, apparently relying upon the *Page 7 
general presumption that property acquired during the marriage is marital in nature. However, we believe placing the burden on the party asserting that the increase in value of separate property is marital in nature is the better approach. As the Supreme Court of Ohio inMiddendorf stated at 401 in framing the issues before it:
 We must now determine if there was sufficient evidence to support the trial court's determination that there was an increase in the value of the [property] during [the] marriage and that the increase was due to the labor, money or in-kind contribution made by [either spouse].
 * * * The second issue * * * is whether this increase in value * * * was due to labor, monetary, or in-kind contribution of [either spouse].
Given the fact that separate property remains separate unless it is shown that the increase in value was due to efforts of either spouse, it seems illogical to place the burden of proof for that issue on the spouse who already owns the separate property. In other words, why would the party who has already established the separate nature of the asset be charged with showing "the increase was due to the labor, money, or in-kind contribution made by [either spouse]," when such a showing would be adverse to that party's position. That burden is better placed upon the party seeking the benefit of the transformation.
 {¶ 14} Mr. Harrington does not challenge the trial court's finding that Mrs. Harrington showed by a preponderance of the evidence that the farm constituted her separate property. Therefore, we need only determine whether the trial court's finding that any appreciation of the farm also constituted separate property was against the manifest weight of the evidence.
 {¶ 15} At trial, Mrs. Harrington testified that she purchased the farm for $160,000.00. She offered her lay opinion that the purchase price was fair market value. *Page 8 
When asked if she knew the property's present value, Mrs. Harrington responded that she did not. After Mr. Harrington's counsel represented to Mrs. Harrington that the Gallia County Auditor had at some point valued the farm in excess of $260,000.00, she agreed that it was worth $260,000.00 at the time of trial.[1] Mr. Harrington contends that this testimony established that the farm increased in value from $160,000.00 to $260,000.00 during the marriage. He attributed the rise in value to labor he performed on the property. Specifically, he installed some fence posts, helped build a porch and two garages, placed siding on another building, and performed some work on the home's basement walls. The only evidence presented to support Mr. Harrington's contention that these improvements in fact increased the value of the property was his opinion that they did. He offered no appraisal or expert testimony to quantify to what extent such improvements would be responsible for the purported increase of $100,000 in value. Nor did he quantify the costs of the improvements or labor. Mrs. Harrington testified that she believed Mr. Harrington's efforts had no impact on the farm's value.
 {¶ 16} In the Magistrate's Decision, the Magistrate found that the farm was not appraised when the wife received it and that no current value appraisal had been offered at trial. Further, the Magistrate determined that the lay opinions offered at trial at most established that the farm may have increased in value during the marriage. However, Mr. Harrington failed to present sufficient evidence that the appreciation was anything but passive growth or market-driven in nature. Mr. Harrington filed a timely objection to the Magistrate's Decision, arguing that the Magistrate erred by not crediting *Page 9 
him "with improvements to the marital home that substantially increased its value." The trial court overruled this objection, finding that Mr. Harrington had not met his burden of establishing appreciation in the value of the farm during the marriage. The court noted that testimony that Mr. Harrington performed manual labor on the property was "not sufficient to establish there was ANY increase in the value of the home during the term of the marriage." In its Judgment Entry, the trial court adopted the Magistrate's Decision.
 {¶ 17} Mr. Harrington's argument regarding appreciation of the property requires the trial court to give credence to Mr. Harrington's lay opinion that his manual labor in fact increased the property's value by $100,000. As outlined above, it is well-established that the fact-finder is free to reject part of the testimony of any witness because it is in the best position to weigh evidence and assess credibility. See Ball at ¶ 21; In re A.E. at ¶ 15. Therefore, this court cannot and will not substitute its judgment for that of the trier of fact.
 {¶ 18} We find no error in the trial court's decision to reject the lay opinion of Mr. Harrington that his labor increased the farm's value by $100,000. Mr. Harrington offered no other evidence to substantiate his claim that the improvements he made actually caused the property to appreciate by that amount during the marriage. It was his burden to prove both that an increase in value occurred and that it was due to his labor, money or in-kind contribution. Middendorf, supra, at 401. His opinion that the increase in value was all directly related to his efforts is entitled to no more inherent evidentiary value than his wife's opinion that it was not. Therefore, the trial court's decision that there was insufficient evidence to prove the appreciation was anything but *Page 10 
passive growth or market-driven in nature is not against the manifest weight of the evidence. Accordingly, we overrule Appellant's second assignment of error.
 IV. Equitable Division of the Property {¶ 19} In his first assignment of error, Mr. Harrington contends that the lower court erred by not equally dividing the marital assets or explaining the basis for its unequal division. Mr. Harrington states that it is "unclear as to how giving the Appellant other marital assets in lieu of the cattle constituted an equitable division of marital property. There are no values listed for any of the items except for the cattle. Additionally, no value was assigned to the marital property to be retained by the Appellee. In fact, a list of items to be received by the Appellee was never given." Mr. Harrington misreads the trial court's decision. The court found that the cattle herd, less three cattle found to be Mr. Harrington's separate property, constituted the only marital property. The court adopted the Magistrate's Decision, which assigned a value to this property. With the exception of the alleged appreciation of the farm, Mr. Harrington does not contend that the trial court erred in its classification of any other property. Therefore, we do not address this issue here.
 {¶ 20} The trial court found that the only marital property consisted of the cattle herd, with the exception of three bulls that were Mr. Harrington's separate property. Rather than awarding Mr. Harrington half of the remaining herd, the court awarded him some farm equipment from Mrs. Harrington's separate property for his equitable share in the remainder of the herd. Mr. Harrington takes issue with this decision, particularly arguing that the court failed to make written findings of fact as to the equipment's value *Page 11 
to support a determination that the property was equitably divided.[2]
 {¶ 21} Trial courts must divide marital and separate property equitably between the spouses. R.C. 3105.171(B). In most cases, this requires that marital property be divided equally. Id. at (C)(1). However, if the trial court determines that an equal division would produce an inequitable result, it must divide the property in a way it deems equitable. Id. A spouse's separate property should be distributed to that spouse unless another provision of R.C. 3105.171 provides otherwise. Id. at (D). Because the trial court possesses great discretion in reaching an equitable distribution, we will not reverse its division of property absent an abuse of discretion. Knight v.Knight (Apr. 12, 2000), Washington App. No. 99CA27, 2000 WL 426167, at *4. "An abuse of discretion connotes more than an error of judgment or law; it suggests an attitude on the part of the court which is unreasonable, arbitrary or unconscionable." Id. However, "the trial court is under a mandatory duty to value and classify the contested property as either marital or separate before distributing it." Id. "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided[.]" R.C. 3105.171(G). Further, the trial court must make findings "in sufficient detail to allow for meaningful appellate review of its decision." Knight at *4.
 {¶ 22} We cannot tell by looking at the findings of fact whether the trial court awarded Mr. Harrington an equitable share of the marital property. The trial court, in adopting the Magistrate's Decision, assigned a value to the marital property, i.e., the *Page 12 
cattle. However, the court assigned no value to the farm equipment given to Mr. Harrington as part of his equitable share of the marital property. In its Journal Entry overruling Mr. Harrington's Objection on this issue, the trial court noted that the value of the assets Mr. Harrington received was "in excess of the value of his share of the marital property." However, as the court did not record what value it assigned to any of the assets Mr. Harrington received, we are unable to meaningfully review its decision. Therefore, we sustain Mr. Harrington's assignment of error without expressing any opinion as to whether the trial court abused its discretion in dividing the property. We remand this cause to the trial court so that it may have the opportunity to explicitly address this issue.
 {¶ 23} In sum, we sustain Mr. Harrington's first assignment of error, overrule his second assignment of error, and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.
[1] Although it appears Mr. Harrington's counsel produced exhibits from the Gallia County Auditor, these exhibits were never admitted into evidence. Therefore, the record contains no evidence as to when the Auditor performed this valuation.
[2] In his first assignment of error, Mr. Harrington includes an argument regarding the court's failure to include appreciation of the farm in its valuation of the marital property. As this argument overlaps with his second assignment of error, we need not address it again. *Page 13