[Cite as *Lowe v. Lowe*, 2011-Ohio-3340.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| SHERYL L. LOWE, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA30 |
| | : | |
| vs. | : | **Released: June 24, 2011** |
| | : | |
| GARY P. LOWE, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

James R. Kingsley, Circleville, Ohio, for Appellant.

Melody L. Steely, Circleville, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant Gary Lowe appeals the trial court's decision granting the parties a divorce. He argues that 1) the trial court erred by omitting property from its division; 2) the trial court erred in finding certain items to be separate property; 3) the trial court erred in equitably dividing the property; 4) the trial court erred in awarding continuous spousal support to Appellee; 5) the trial court erred in awarding attorney fees to Appellee; and 6) the trial court erred by "rubber stamping" the magistrate's decision. Having reviewed the record, we find that the trial court's decision was not against the manifest weight of the evidence and the

trial court did not abuse its discretion.  As such, we affirm the judgment of the trial court.

## BACKGROUND

{¶2} On August 15, 1992, the parties married.  Both Appellant and Appellee Sheryl Lowe worked at DuPont in Circleville, Ohio.  After several years of marriage, Appellee developed a brain tumor.  She underwent brain surgery to remove the tumor.  Post-surgery, Appellee's personality changed and she had developed cognitive and memory problems.  Appellee was determined to be permanently disabled and began receiving disability income.

{¶3} Appellee filed for divorce in 2008.  Appellee requested, and Appellant agreed to pay, temporary spousal support.  After a two-day final hearing, the magistrate issued a decision classifying the parties' property as separate or marital, valuing it, and then dividing it.  Appellant filed objections to the magistrate's decision, which the trial court overruled.  The trial court adopted the magistrate's decision in its entirety without modification.  The trial court then issued its final entry/decree of divorce.

{¶4} Appellant cited six assignments of error with the trial court's ruling, presenting 19 separate issues for review.  Because we find that the trial court did not abuse its discretion and its findings were not against the manifest weight of the evidence, we overrule Appellant's assignments of error and affirm the trial court.

## ASSIGNMENTS OF ERROR

I.　　"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR BY OMITTING MARITAL PROPERTY TO BE DIVIDED?"

II.　　"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR IN ITS SEPARATE PROPERTY FINDINGS?"

III.　　"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR IN ITS DIVISION OF PERSONAL PROPERTY BY NOT SETTING OFF [APPELLEE'S] DISSIPATION OF ASSETS?"

IV.　　"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR IN AWARDING [APPELLANT] CONTINUOUS SPOUSAL SUPPORT TO [APPELLEE] WITHOUT A TERMINATION DATE?"

V.　　"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR IN AWARDING ATTORNEY FEES TO [APPELLEE]?"

VI.　　"DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR BY RUBBER STAMPING THE MAGISTRATE'S DECISION THEREBY RENDERING A RESULT THAT WAS NOT EQUITABLE?"

## STANDARD OF REVIEW

{¶5} "We have stated on several occasions that in a divorce action, a trial court possesses a mandatory duty to classify property as either marital or separate." *Woody v. Woody*, 4th Dist. No. 09CA34, 2010-Ohio-6049, at ¶24, citing *Knight v. Knight* (Apr. 12, 2000), 4th Dist. No. 99CA27, citing, e.g., *Pawlowski v. Pawlowski* (1992), 83 Ohio App.3d 794, 799, 615 N.E.2d 1071; *Goode v. Goode* (1991), 70 Ohio App.3d 125, 132, 590 N.E.2d 439. "[T]he characterization of property as separate or marital is a mixed question of law and fact, not a discretionary matter[,] * * * [and] we review the determination regarding the

proper characterization of property under the manifest weight of the evidence standard." (Citations omitted.) *Murphy v. Murphy*, 4th Dist. No. 07CA35, 2008-Ohio-6699, at ¶17. "A trial court's judgment is not against the manifest weight of the evidence so long as some competent and credible evidence supports it." *Woody* at ¶17, citing *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus. "In determining whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must not re-weigh the evidence." Id., citing *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273. "[W]e must uphold the judgment so long as the record contains 'some evidence from which the trier of fact could have reached its ultimate factual conclusions.' Id., citing *Amsbary v. Brumfield,* 177 Ohio App.3d 121, 2008-Ohio-3183, 894 N.E.2d 71, at ¶11, citing *Bugg v. Fancher,* 4th Dist. No. 06CA12, 2007-Ohio-2019, at ¶9. "[W]e presume the trial court's findings are correct because the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections and to use those observations in weighing the credibility of the testimony." Id., citing *Seasons Coal* at 80; *Jones v. Jones,* 4th Dist. No. 07CA25, 2008-Ohio-2476, at ¶18. "This means that the trier of fact is free to believe all, part, or none of the testimony of any witness who appears before it." Id., citing *Rogers v. Hill* (1998), 124 Ohio App.3d

468, 470, 706 N.E.2d 438, *Stewart v. B.F. Goodrich Co.* (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591.

{¶6} "Once the court classifies the property, it then must award each spouse his or her separate property." *Woody* at ¶24, citing *Peck v. Peck* (1994), 96 Ohio App.3d 731, 734, 645 N.E.2d 1300; R.C. 3105.171(B); *Knight*; *Wright v. Wright* (Nov. 10, 1994), 4th Dist. No. 94CA02 (overruled on other grounds); *Liming v. Liming,* 4th Dist. No. 05CA3, 2005-Ohio-2228. As for marital property, "[t]rial courts must divide marital property equitably between the spouses." *O'Rourke v. O'Rourke*, 4th Dist. No. 08CA3253, 2010-Ohio-1243, at ¶15, citing R.C. 3105.171(B). "In most cases, this requires that marital property be divided equally[,] * * * [h]owever, if the trial court determines that an equal division would produce an inequitable result, it must divide the property in a way it deems equitable." Id. See, also, R.C. 3105.171(C)(1). "Moreover, the trial court must make findings [supporting its division or disbursement of property] 'in sufficient detail to allow for meaningful appellate review of its decision.'" *Woody* at ¶24, quoting *Knight*; citing *Liming v. Damos*, 4th Dist. No. 08CA34, 2009-Ohio-6490, at ¶30. "Because the trial court possesses great discretion in reaching an equitable distribution, we will not reverse its ultimate division of property absent an abuse of discretion." *O'Rourke* at ¶15, citing *Harrington v. Harrington*, 4th Dist. No. 08CA6, 2008-Ohio-6888, at ¶21, citing *Knight*. "'The term "abuse of discretion"

connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. "Under this highly deferential standard of review, we may not simply substitute our judgment for that of the trial court." *Woody* at ¶35, citing *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. "Rather, we are limited to determining whether considering the totality of the circumstances, the trial court acted unreasonably, arbitrarily or unconscionably." Id., citing *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896, citing *Blakemore*, 5 Ohio St.3d at 218-220.

{¶7} Before division though, the court must value the property. "[A] trial court must place a monetary value on every contested asset of the parties in a divorce proceeding." *O'Rourke* at ¶16, citing *Knight*, citing *Pawlowski v. Pawlowski* (1992), 83 Ohio App.3d 794, 799, 615 N.E.2d 1071; and *Goode v. Goode* (1991), 70 Ohio App.3d 125, 132, 590 N.E.2d 439. "[T]he valuation of a specific asset in a divorce case is a question of fact, [and] we review that issue under a manifest weight of the evidence standard." Id. at ¶17, citing *Covert v. Covert,* 4th Dist. No. 03CA778, 2004-Ohio-3534, at ¶6, citing *Brown v. Brown,* 4th Dist. No. 02CA689, 2003-Ohio-304, at ¶13.

I.

{¶8} In his first assignment of error, Appellant contends that the trial court failed to account for certain property and divide it equitably. We find no such error and overrule Appellant's first assignment of error.

{¶9} First, Appellant argues that the trial court failed to account for the income Appellee received during the pendency of the divorce proceedings, which amounted to approximately $53,400. While Appellant was paying temporary spousal support to Appellee and covering their joint expenses, nothing prohibited Appellee from spending her income. Appellee testified that she had disclosed all of her assets during discovery. Appellant produced no evidence to the contrary – no evidence that Appellee had secreted any portion of the $53,400 in an undisclosed location for which the trial court failed to ultimately account. The trial court reviewed the magistrate's decision and the evidence and did not find that Appellee had additional funds beyond what she had disclosed. Accordingly, the trial court's finding in this regard was supported by competent, credible evidence and not against the manifest weight of the evidence.

{¶10} Second, Appellant argues that the trial court failed to account for Appellee's "cash grab" prior to her filing for divorce. Specifically, Appellant believes Appellee had taken $5,000 from his secret stash in the garage five to six years prior to the divorce, and she had removed $1,800 from a rental account. Appellant believes the trial court did not account for this $6,800.

{¶11} Again, Appellee had testified that she disclosed all of her assets in discovery. Appellant presented no evidence that Appellee had secreted these funds and failed to disclose their whereabouts. Furthermore, the $1,800 was comprised of Appellee's separate property, which is discussed at length, infra. Thus, the trial court's ruling, which did not address this $6,800 separately, was supported by the evidence.

{¶12} Third, Appellant believes that the trial court failed to account for the capital credit on Appellee's rental property when she sold it. Appellant simply produced no evidence to this point. Nor does he point to anything in the record that demonstrates there was such a credit, or its value.

{¶13} Therefore, we find that the trial court's findings regarding these issues were supported by competent, credible evidence and not against the manifest weight of the evidence. We overrule Appellant's first assignment of error.

## II.

{¶14} Appellant's second assignment of error contends that the trial court mischaracterized certain property as marital property and failed to account for other property. Specifically, Appellant contends that he should have received a set-off for the lost value of a home he demolished, and Appellee's premarital rental property became marital property, or alternatively, Appellant is entitled to

reimbursement for one-half of the mortgage that was on Appellee's rental property. We disagree.

{¶15} Appellant first argues that the law permits him a set-off for the value of his demolished home. As this involves a question of law, we review it de novo.

{¶16} Prior to the marriage, Appellant had purchased property on Stoutsville Pike for $28,000. Despite Appellant's renovation of the building, the assessed value of the land and existing structure at the inception of the marriage was $15,490, with the land worth $6,240 and the structure worth $9,250. Appellant subsequently demolished the structure to make way for a marital residence.

{¶17} At the time of the divorce proceedings, the same parcel of land appraised at $40,000 (excluding the new building). The trial court classified the appreciation of the land's value as passive income from Appellant's separate property. The trial court classified the marital residence, the new building on Appellant's lot, as marital property and divided its value evenly between the parties.

{¶18} Appellant now argues that the trial court should have given him a separate interest in the marital residence or treated his destruction of the prior building as depreciation, reducing the total value of Appellant's separate property. Specifically, Appellant cites to the cases of *Woofter v. Woofter*, 11th Dist. No. 2005-T-0124, 2006-Ohio-5177 and *Bryant v. Bryant* (Jan. 28, 1999), 5th Dist. Nos.

97CA8, 98CA1 in support of his proposition.  We disagree with Appellant's propositions because *Woofter* in inapposite and we disagree with the reasoning of *Bryant*.

{¶19} The court in *Woofter* held that the trial court erred by not determining the parties' equity in a condominium before equitably dividing it.  *Woofter* at ¶40. There, the husband had purchased the condo prior to marriage for $37,000, making a $3,000 down payment.  Id. at ¶9.  This equated to the husband having a separate interest equal to his down payment, or 8.1% of the condo's total value.  Id. at ¶44. At the termination of the marriage, however, the condo's value had dropped to $31,500.  Id. at ¶42.  The trial court then determined that the husband's separate interest in the property was not the full value of his $3,000 down payment, but a proportionate 8.1% of the final value, or $2,550.  Id. at ¶44.  The remaining equity in the condo was marital property.  See id.  The trial court in *Woofter* did not offset the value of the husband's separate property by subtracting the depreciation of his separate interest in the condo ($450).  Calculating the present value of an item implicitly accounts for depreciation.

{¶20} Appellant, on the other hand, argues that per *Woofter*, his proportionate interest in the demolished home was 59%, because the home's value ($9,250) represented 59% of the total value of the land and the building ($15,490). Appellant then reasons that this entitles him to a 59% separate interest in the

marital residence.  However, Appellant's mathematics and application of *Woofter* are flawed.

{¶21}.  The court in *Woofter* used a percentage valuation to determine the value of the husband's separate interest in the condo as of the termination of the marriage.  Following *Woofter*, the proportionate value of Appellant's interest in the demolished building is $0.  Appellant originally held a 100% interest in the building that was worth $9,250.  At the termination of the marriage, that same building, having been demolished more than a decade earlier, had no value, leaving Appellant with a 100% interest in $0, or $0.[1]

{¶22} In *Bryant*, the Fifth District Court of Appeals held that "equity demands that appreciation and depreciation be treated similarly."  In *Bryant*, the trial court had refused to offset the appreciation of separate property with the depreciation of other separate property, relying upon *Tanagho v. Tanagho* (Dec. 30, 1993), 10th Dist. No. 93AP-1089, which held that R.C. 3105.171 speaks only to appreciation in separate property, not depreciation.  The appellate court reversed, holding that it is "only equitable the parties should share any losses just as they share in any gains."  We disagree with this interpretation of R.C. 3105.171.

{¶23} "'The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute. * * * The court must first look to the plain language of the statute itself to determine the legislative intent. *

---

[1] Alternatively, one could say that Appellant's demolition of the building extinguished any interest he had in it.

* * We apply a statute as it is written when its meaning is unambiguous and definite. * * * An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language.'" *In re Adoption of B.M.W.*, 4th Dist. No. 10CA899, 2010-Ohio-5214, at ¶13, quoting *State v. Lowe,* 112 Ohio St.3d 507, 861 N.E.2d 512, 2007-Ohio-606, at ¶9 (citations omitted). "[C]ourts may not add words to statutes or enlarge or construe specific statutory language in any manner other than that which the words demand." *Bartley v. State*, 4th Dist. No. 02CA686, 2002-Ohio-3592, at ¶36, citing *Kneisley v. Lattimer-Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743.

{¶24} R.C. 3105.171(A)(6)(a)(iii) characterizes "[p]assive income and appreciation acquired from separate property by one spouse during the marriage" as separate property. It makes no mention of depreciation, loss, or diminution in value. Reading the statute as including depreciation or lost value adds language that is not there and alters the scope of the statute, which is the province of the General Assembly, not this Court.

{¶25} Accordingly, the trial court correctly held that Appellant was not entitled to the depreciation or loss of his demolished building and the trial court correctly held so.

{¶26} Appellant next argues that Appellee's separate rental property became marital property and he is entitled to a portion of its appreciation. As Appellant's

contention involves characterizing property as marital or separate, we review this portion of Appellant's argument under the manifest weight of the evidence standard.

{¶27} Appellee owned the Kingston Pike residence ("the rental") prior to the marriage. The parties resided there for 18 months while they constructed the new marital residence at the Stoutsville Pike location. During those 18 months, Appellant maintained the rental. After the parties moved into their new marital home, Appellee began leasing the rental to tenants.

{¶28} When tenants began occupying the rental, Appellant continued to maintain the property. Any monies expended to repair the rental came from the rental account – an account into which the parties deposited only the rent proceeds from that property, and from which parties paid the rental's mortgage, taxes, and repairs.

{¶29} Subsequently, Appellee sold the rental, realizing $86,180 in income. Appellant now contends that any appreciation on the rental should be considered active income and marital property because he contributed labor by maintaining it, which increased its value.

{¶30} Any interest in property acquired before the marriage by one spouse is separate property. R.C. 3105.171(A)(6)(a)(ii). Passive income and appreciation from a spouse's separate property remains that spouse's separate property. R.C.

3105.171(A)(6)(a)(iii). Conversely, "all income and appreciation on separate property, *due to labor*, monetary, or in-kind contribution of either or both spouses that occurred during the marriage" is active income and considered marital property. (Emphasis added.) R.C. 3105.171(A)(3)(a)(iii). "Generally, the spouse seeking to have a particular asset classified as separate property has the burden to prove by a preponderance of the evidence that the asset is separate property." *Harrington v. Harrington*, 4th Dist. No. 08CA6, 2008-Ohio-6888, at ¶13, citing *Nance v. Nance* (Mar. 6, 1996), 4th Dist. No. 95CA553. "However, once this burden is met, the spouse seeking to have any *appreciation* of that separate property classified as marital property must demonstrate that either spouse's labor, monetary, or in-kind contribution in fact *caused* an increase in the value of that separate property." (Citations omitted; emphasis in original). Id.

{¶31} Here, the trial court found that the income from the sale of the rental was Appellee's separate property. There is no dispute that the rental was Appellee's separate property because she acquired it before the parties' marriage. See R.C. 3105.171(A)(6)(a)(ii). Consequently, Appellant bore the burden of establishing a causal link between his maintenance and the rental's increase in value.

{¶32} Yet the record is devoid of evidence on this point. Appellant presented evidence of the cost of the improvements, for which funds from the

rental account paid. However, Appellant presented no evidence on the crucial issue of how his labor affected the rental's appreciation. Appellant presented no expert testimony, nor did he testify himself, that his maintenance caused its increase in value. He "failed to present sufficient evidence that the appreciation was anything but passive growth or market-driven in nature." *Harrington* at ¶16. The trial court was free to find that the appreciation of the rental was passive income on Appellee's separate property and hers to retain, as such finding was supported by competent, credible evidence.

{¶33} Alternatively, Appellant argues that the court should have reimbursed him for half of the rental's mortgage. Appellant asserts that "it is not disputed that the mortgage in the amount of $40,700 was fully paid with marital funds." This assertion, however, presumes that the rent proceeds from the rental are marital property, which the trial court did not find.

{¶34} Appellant contradicted himself when testifying whether marital funds were used to pay the rental's mortgage. Initially, Appellant testified that the proceeds from the rental account alone paid the mortgage. (Tr. at 211.) When asked if he had used marital funds to pay the rental's mortgage, Appellant responded, "Well, I used money that was, you know – no. It was all rent. Everything was done with rent. I paid out-of-pocket a couple of times." (Tr. at 213.)

{¶35} The trial court was free to believe the portion of Appellant's testimony that indicated the parties paid the rental's mortgage with the rent proceeds – Appellee's separate property – and disregard Appellant's assertion that he had paid the mortgage with marital funds, occasionally. Consequently, there was some evidence that only Appellee's separate property, and no marital property, paid the mortgage on the rental. As previously noted, we cannot reweigh the evidence and must presume the trial court's findings are correct. Under this deferential standard, we find no error with the trial court's ruling. Accordingly, we overrule Appellant's second assignment of error.

## III.

{¶36} In his third assignment of error, Appellant contends that the trial court erred in the division of certain property. We note, however, that Appellant cites no law in support of his third assignment of error. "We may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." (Citations omitted.) *Frye v. Holzer Clinic, Inc.*, 4th Dist. No. 07CA4, 2008-Ohio-2194, at ¶12. See, also, *Bray v. Bray*, 4th Dist. No. 10CA3167, 2011-Ohio-861, at ¶12. "[W]e have often reviewed noncompliant appellate briefs 'in the interest of justice." *Bray* at ¶13. However, we do not find that justice requires us to address the issues contained within Appellant's third assignment of error.

## IV.

{¶37} In his fourth assignment of error, Appellant contends that the trial court erred in awarding Appellee spousal support without a termination date. R.C. 3105.18(B) provides that the court may award reasonable temporary spousal support during the pendency of the proceedings. "It is well-settled that trial courts enjoy broad discretion in awarding spousal support." *White v. White*, 4th Dist. No. 03CA11, 2003-Ohio-6316, at ¶21, citing *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83 and *Cherry v. Cherry* (1981) 66 Ohio St.2d 348, 421 N.E.2d 1293. "We will not reverse a court's decision to award spousal support absent an abuse of discretion." *O'Rourke* at ¶27, citing *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178. We find that the trial court did not abuse its discretion here by awarding Appellee spousal support.

{¶38} Preliminarily, we note that while Appellant's fourth assignment of error only addresses whether the trial court's award of permanent spousal support was proper, he contests the award of temporary spousal support in his brief. We decline to address Appellant's criticism of the trial court's award of temporary spousal support because if there was error, Appellant invited it.

{¶39} "The 'invited error' doctrine prohibits a party who induces error in the trial court from taking advantage of the error on appeal." *Woody* at ¶26, citing *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950; *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 502

N.E.2d 590, paragraph one of the syllabus; *Woolridge v. Newman* (June 8, 2000), 4th Dist. No. 99CA635. "It is a cardinal rule of appellate procedure that 'an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected.'" Id., quoting *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 436 N.E.2d 1001; citing *State ex rel. V. Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 471, 692 N.E.2d 198.

{¶40} At the inception of the divorce proceedings, Appellant agreed to an order that awarded Appellee temporary spousal support of $1,000 per month. Appellant then agreed to an amended order of temporary spousal support, whereby he was to pay Appellee $300 per month. Then, after a hearing, Appellant agreed – for a third time – to pay the mortgage, utilities, insurance, Appellee's vehicle payments, and temporary spousal support of $300 per month. Appellant never moved the trial court to modify the order, pursuant to Civ.R. 75(N)(2). By agreeing to the order of temporary spousal support, Appellant invited the error of which he now complains – the trial court awarding temporary spousal support. Accordingly, we decline Appellant's invitation to address the propriety of the trial court's award of temporary spousal support.

{¶41} Turning to permanent spousal support, the trial court found that monthly payments of $1,000 to Appellee were appropriate and reasonable.

Contrary to Appellant's assertion, the order of spousal support included a termination date: the death of either party, or Appellee's remarriage. The trial court adopted the magistrate's findings of fact, which addressed all of the factors listed within R.C. 3105.18(C)(1), though the findings were dispersed throughout the decision.

{¶42} The trial court found that Appellee's annual income was $26,292 before taxes ($2,191 per month). Appellee testified to a detailed budget that indicated her anticipated monthly expenses would be $2,996.94, which the trial court adopted. Even using Appellee's gross (pretax) income, her anticipated expenses exceed her income by more than $800 each month. After taxes, this deficit only increases.

{¶43} Considering that Appellee is totally disabled and has cognitive and emotional difficulties, Appellee's anticipated expenses, Appellant's income is more than twice as much as Appellee's, the marriage lasted nearly 17 years, and the division of property between the parties, we find that the trial court's award of spousal support in the amount of $1,000 per month to Appellee was not unreasonable, arbitrary, or unconscionable.

{¶44} Moreover, appellant's contention that it was an error to use his 2008 income, which included overtime, instead of his base salary, when evidence showed that he would not be offered overtime in 2009, rings hollow. While the

trial court did find that Appellant's income for 2008 was $86,844, the statute "places no requirement on the court to consider the income from a particular time frame." *Lojek v. Lojek*, 4th Dist. No. 10CA8, 2010-Ohio-5156, at ¶13. Additionally, the trial court actually considered Appellant's base salary of $56,000 when it discussed spousal support and overruled his objection to the magistrate's decision.

{¶45} Having considered the totality of the circumstances, we do not find that the trial court's award of spousal support was an abuse of discretion, and we overrule Appellant's fourth assignment of error.

V.

{¶46} In Appellant's fifth assignment of error, he contends that the trial court erred by ordering him to pay $7,500 of Appellee's attorney fees. We disagree.

{¶47} "The decision to award attorney fees in a divorce action is vested in the sound discretion of the trial court and we will not reverse it absent an abuse of that discretion." *O'Rourke* at ¶30, citing *Parker v. Parker,* 10th Dist. No. 05AP-1171, 2006-Ohio-4110, at ¶36. "Under R.C. 3105.73(A), 'a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable.'" *Bray v. Bray*, 4th Dist. No. 103167, 2011-Ohio-861, at ¶45. The court may consider "'the parties' marital assets and income, any award

of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.'" Id., quoting R.C. 3105.73(A). "We note, however, that an 'equitable' award does not necessarily equate with an 'equal' award." *Griffith v. Purcell* (Jan. 26, 1998), 4th Dist. No. 97CA2512, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 95, 518 N.E.2d 1197 (stating that "[e]quitable need not mean equal").

{¶48} During this case, Appellee accumulated attorney fees of $20,145.17 and expenses of $1,620.67. The trial court had ordered Appellant to pay $4,000 of Appellee's attorney fees during the divorce proceedings and an additional $7,500 in its final entry. Appellant contends such award is inequitable because Appellee possesses sufficient funds to pay her litigation fees.

{¶49} Concerning the interim award of $4,000 in attorney fees, Appellant did not file a responsive memorandum with the trial court or otherwise object to Appellee's request for such. Thus, Appellant waived any argument concerning that amount. We focus instead on the $7,500.

{¶50} The standard is not whether Appellee has the ability to pay for all of her litigation expenses, but rather whether requiring her to do so would be equitable. The trial court specified that the $7,500 was additional spousal support, specifically noting Appellee's ability to pay her remaining fees from the proceeds of her sale of the rental property. Appellant's sole argument is that an unequal

division of the parties' attorney fees is inequitable. This is simply not the case.

Having considered the totality of the circumstances, we do not find that the trial

court abused its discretion in its award of attorney fees and we overrule

Appellant's fifth assignment of error.

## VI.

{¶51} In his sixth assignment of error, Appellant argues the trial court

"rubber stamped" the magistrate's decision, or failed to independently review the

objected matters. We disagree and overrule Appellant's sixth assignment of error.

{¶52} "In ruling on objections [to a magistrate's decision], the court shall

undertake an independent review as to the objected matters to ascertain that the

magistrate has properly determined the factual issues and appropriately applied the

law." Civ.R. 53(D)(4)(d). "'The trial court should not adopt challenged

[magistrate's] findings of fact unless the trial court fully agrees with them – that is,

the trial court, in weighing the evidence itself and fully substituting its judgment

for that of the [magistrate], independently reaches the same conclusion.'" *McCarty*

*v. Hayner*, 4th Dist. No. 08CA8, 2009-Ohio-4540, ¶17, quoting *DeSantis v. Soller*

(1990), 70 Ohio App.3d 226, 233, 590 N.E.2d 886. "Ordinarily, a reviewing court

will presume that the trial court performed an independent analysis in reviewing

the magistrate's decision." Id. at ¶18, citing *Hartt v. Munobe* (1993), 67 Ohio

St.3d 3, 7, 615 N.E.2d 617. "Thus, the party asserting error bears the burden of

affirmatively demonstrating the trial court's failure to perform its duty of independent analysis." Id., citing *Arnold v. Arnold,* 4th Dist. No. 04CA36, 2005-Ohio-5272, at ¶31, *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, at ¶47. "Further, simply because a trial court adopted the magistrate's decision does not mean that the court failed to exercise independent judgment." Id., citing *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Adams* (July 23, 1999), 4th Dist. No. 98CA2617. We review a trial court's judgment adopting a magistrate's decision under the manifest weight of the evidence standard. See *Woody* at ¶17, fn. 1.

{¶53} In this case, Appellant provided no evidence that the trial court failed to independently review the magistrate's decision. Rather, Appellant merely restated many of the objections he had lodged with the trial court. The thrust of Appellant's arguments is not that the trial court failed to perform its own analysis, but that it came to the wrong conclusion because its findings were adverse to Appellant's position. Despite Appellant's assertion that the trial court "rubber stamped" the magistrate's decision, the trial court had issued a 12-page reasoned decision, in which it considered each of Appellant's objections to the magistrate's decision.

{¶54} Thus, we find that Appellant failed to meet his burden of affirmatively demonstrating that the trial court failed to conduct an independent analysis.

Insofar as Appellant's sixth assignment of error asks us to review the accuracy of his proposals, we decline to do so. As the trial court's judgment was not against the manifest weight of the evidence, we overrule Appellant's sixth assignment of error.

**JUDGMENT AFFIRMED.**

Kline, J., dissenting, in part.

**{¶55}** I concur in judgment and opinion as to the first, third, fourth, fifth, and sixth assignments of error. I respectfully dissent, however, regarding the second assignment of error to the extent that it holds that the burden of proof is on the spouse seeking to have appreciation of separate property, which is caused by either spouse's labor or in-kind contribution, classified as marital property. I agree with the view that supports keeping the burden on the spouse seeking to declare the appreciation as separate. See, e.g., *Teaberry v. Teaberry,* Mahoning App. No. 07MA168, 2008-Ohio-3334, ¶¶17-18; *Volk v. Volk,* Summit App. No. 21540, 2004-Ohio-1433, ¶9; *LeForge v. LeForge,* Clinton App. No. CA2002-12-047, 2003-Ohio-5878, ¶11; *Slomcheck v. Slomcheck,* Trumbull App. No.2001-T-0098, 2002-Ohio-4952, ¶12; *Hemming v. Hemming,* Franklin App. No. 02AP-94, 2002-Ohio-4735, ¶10. Here, I would require Ms. Lowe to prove that the appreciation in the rental property was passive and separate.

**{¶56}** Accordingly, I dissent as to the second assignment of error.

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to Assignments of Error I, III, IV, V, & VI and Dissents with Dissenting Opinion as to Assignment of Error II.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**